IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Daniel D. Domenico

Civil Action No. 19-cv-02179-DDD-NRN

DISH NETWORK, LLC,

    Plaintiff,

v.

ALBERTIS, INC.

    Defendant.

## ORDER GRANTING DEFAULT JUDGMENT

On July 31, 2019, Plaintiff Dish Network, LLC filed this action to confirm an arbitration award of $92,730.80 it obtained against Defendant Albertis, Inc. (Doc. 1.) Albertis has not participated in this case, and Dish obtained a Clerk's entry of default on November 7, 2019. (Doc. 13.) That same day, Dish filed a motion for default judgment (Doc. 14), to which Albertis has not responded. For the following reasons, the motion is **GRANTED**.

## LEGAL STANDARD

A party may not simply sit out the litigation without consequence. *See Cessna Fin. Corp. v. Bielenberg Masonry Contracting, Inc.*, 715 F.2d 1442, 1444–45 (10th Cir. 1983) ("[A] workable system of justice requires that litigants not be free to appear at their pleasure. We therefore must hold parties and their attorneys to a reasonably high standard of diligence in observing the courts' rules of procedure. The threat of judgment by default serves as an incentive to meet this standard.").

"Even after default, however, it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." 10A Wright et al., Fed. Prac. & Proc. § 2688, at 63. Additionally, a court need not accept conclusory allegations. *Moffett v. Halliburton Energy Servs., Inc.*, 291 F.3d 1227, 1232 (10th Cir. 2002). Although "[s]pecific facts are not necessary" in order to state a claim, *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)), the well-pleaded facts must "permit the court to infer more than the mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (internal quotation marks and alteration marks omitted). A party is not entitled to a default judgment as of right. Rather, the entry of a default judgment is entrusted to the sound judicial discretion of the court. *Tripodi v. Welch*, 810 F.3d 761, 764 (10th Cir. 2016).

Following a clerk's entry of default, courts follow two steps before granting default judgment. First, a court must ensure it has subject matter and personal jurisdiction. *Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1203 (10th Cir. 1986); *Marcus Food Co. v. DiPanfilo*, 671 F.3d 1159, 1166 (10th Cir. 2011) (default judgment against defendant over whom court has no personal jurisdiction is void). Second, courts consider whether the well-pleaded allegations of fact—which are admitted by a defendant upon default—support a judgment on the claims against the defaulting defendant. *See Tripodi*, 810 F.3d at 764.

Where the complaint states an adequate legal basis for relief against a party in default, default judgment may be appropriate. *Mrs. Condies Salad Co. v. Colorado Blue Ribbon Foods, LLC*, 858 F. Supp. 2d 1212, 1218 (D. Colo. 2012). The Court also accepts as undisputed any

facts set forth by the moving party in affidavits and exhibits. *Purzel Video GmbH v. Biby*, 13 F. Supp. 3d 1127, 1135 (D. Colo. 2014).

**BACKGROUND**

The well-pleaded allegations of fact, as supported by Dish's filings, establish the following.[1] The parties entered into a contract pursuant to which Albertis would become authorized, on a non-exclusive basis, to promote and solicit orders for Dish's services. (*See generally* Doc. 1-2.) Dish initiated the underlying arbitration action against Albertis based upon alleged violations of that contract (the "Retailer Agreement"), including the fraudulent submission of false and misleading information to Dish for the purpose of making current or former Dish customers appear as if they were "new" customers so Albertis would qualify for certain incentive payments. On or about December 19, 2018, the JAMS Resolution Center formally appointed the Honorable James S. Miller (the "Arbitrator") to adjudicate the arbitration action between Dish and Albertis. On February 26, 2019, the Arbitrator entered a "Final Award" against Albertis, in favor of Dish, for $92,730.80.

On July 31, 2019, Dish filed this action to confirm that arbitration award. On October 9, the application and supporting documents were served on Carlos Alberti, the registered agent for Albertis. On October 28, Dish filed the executed proof of service. Albertis never made any appearance in this action. On November 7, at Dish's request, the Clerk entered default against Alebertis. That day, Dish filed the motion before

---

[1] Dish has filed the arbitration award of $92,730.80 (Doc. 14-1), the summons and proof of service of this action on Albertis (Doc. 14-2), the notice of electronic filing of the Clerk's entry of default (Doc. 14-3), the registry of corporations and entities entry for Albertis (Doc. 14-4), the declaration of Richard R. Olsen (14-5), and a proposed order for the Court (Doc. 14-6).

the Court, which was served by mail to Albertis's registered agent at two addresses.

## ANALYSIS

The Court is satisfied that it has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1). Dish is a Colorado limited liability company whose sole member is DISH DBS Corporation, a Colorado corporation with a principle place of business located in Englewood, Colorado. Albertis is a corporation established under the laws of Puerto Rico with a principal place of business in Fajardo, Puerto Rico. (*See* Doc. 1, at 1–2.) The amount in controversy, $92,730.80, exceeds $75,000. Venue is proper under 9 U.S.C. § 9, because the governing arbitration agreement does not specify a federal court in which an action to enforce the underlying arbitration award should be filed, and this is the U.S. Court in and for the judicial district in which the underlying arbitration was filed and the final award was made. The Retailer Agreement also required any arbitration between the parties to be conducted in the City and County of Denver, Colorado. (*See* Doc. 1-2, at 3.)

The Court also has personal jurisdiction over Albertis, which entered into a contract with a Colorado company and—having entered into an agreement governed by Colorado law and with an arbitration provision requiring arbitration in Colorado—should have reasonably anticipated being haled into court in this state. *See, e.g.*, *AST Sports Sci., Inc. v. CLF Distribution Ltd.*, 514 F.3d 1054, 1057 (10th Cir. 2008). The Court is also empowered to confirm an arbitration award entered in this state. 9 U.S.C. § 9.

There is also adequate legal basis for relief. The parties agreed to arbitrate any dispute in Denver, Colorado. Dish obtained an award of $92,730.80. Dish timely filed this action within one year of obtaining

that award. Finally, the award has not been vacated, modified, or corrected as prescribed in Sections 10 and 11 of the Federal Arbitration Act. *See* 9 U.S.C. § 9. To date, Albertis has failed to satisfy that award.

## CONCLUSION

It is therefore **ORDERED** that the motion (Doc. 14) is **GRANTED**. The arbitration award issued in favor of Dish by the JAMS Resolution Center on February 26, 2019, in the matter styled, *DISH Network L.L.C. v. Albertis, Inc., d/b/a Boom Digital Satellite TV*, Case No. 21516, is hereby **CONFIRMED**. Judgment shall enter in favor of Dish against Albertis for the sum amount of $92,730.80—an amount comprised of actual damages, administrative expenses and costs, and reasonable attorneys' fees as set forth in the arbitration award.

Dated: December 11, 2019.     BY THE COURT:

_____
Daniel D. Domenico
United States District Judge